JOHN F. REAMS, APPELLEE, V. GEORGE CLOPINE, SR., ET AL., APPELLANTS.

FILED OCTOBER 22, 1910.    No. 16,152.

1. **Appeal:** INSTRUCTIONS.    Inexactitude in the language of an instruction stating the issues is not ground for a reversal when the jury are not misled thereby.

2. **Trial:** VIEW OF PREMISES: DISCRETION OF COURT.    Whether or not a jury shall be allowed to view the premises in an action for damages caused by flood waters is within the legal discretion of the court, and unless it is clearly shown that this discretion has been abused it will be presumed that it was properly exercised.

3. **Appeal:** ADMISSION OF EVIDENCE.    A judgment will not be reversed and a new trial granted on account of an error in the admission of evidence where the defendant has not been prejudiced thereby.

APPEAL from the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Owsley Wilson,* for appellants.

*George M. Castor, A. H. Byrum* and *W. S. Morlan,* contra.

46

LETTON, J.

This is an action for damages caused by the flooding of plaintiff's land. Plaintiff and defendants are farmers owning and occupying lands in the valley of the Republican river. Wortham creek, which is a natural drainage channel, has its source in the hills some ten miles southwest of plaintiff's farm. Its waters flow from the hills across a portion of the valley of the river in a well-defined channel to a point near the line of defendants' lands, then the channel becomes less distinct and almost entirely ceases to exist, permitting the waters to spread out and sink into the ground. In 1888 a number of persons owning lands along the creek subject to overflow straightened, widened, and deepened the natural channel, and dug a ditch from the end of the natural channel in a northeasterly direction through a sand ridge, so that the waters flowed into a swale or depression and found their way from there to the river. The plaintiff's land was thus protected from overflow from the creek. Plaintiff alleges this condition continued until about June, 1902, when the defendants dammed up and filled in the ditch, thereby causing the water to overflow upon the plaintiff's land, destroying his crops and damaging his land to the extent of $1,675.

The defendants by their answer deny that they filled the ditch, and allege that the natural course of the surface waters from the hills has always been in a northeasterly direction over plaintiff's land, not reaching defendants' lands at all; that in 1890 a ditch was constructed carrying the water into and on a part of the land now owned by defendants, that no outlet existed or was ever made whereby the waters could run into the river; that the ditch was abandoned and disused, and had become filled with silt and vegetation when the defendants bought and took possession of the land. The reply is a general denial.

The petition and answer are unnecessarily prolix and involved, and contain a number of other allegations un-

necessary to be here set out. The cause was tried to a jury, and a verdict rendered for plaintiff, assessing his damages at the sum of $500. Judgment was rendered upon the verdict, from which the defendants have appealed.

The errors assigned may be grouped under three heads: Errors in the giving of instructions; in refusing to grant a view of the premises by the jury; and in admitting testimony as to the value of the crops.

1. Instruction No. 1, which is complained of, merely states the issues presented by the pleadings in a somewhat condensed form. The jury were told that the plaintiff in his petition claimed that in the spring of 1902 the defendants obstructed the ditch, "thereby causing the destruction of certain alfalfa of the value of $375, and also certain corn of the value of $300 on the lands of plaintiff," and that they afterwards erected another dam causing the waters to run on plaintiff's land at another point, "and that by reason of said obstructions the lands of plaintiff to the amount of some 45 acres were greatly damaged (25 acres of said land being set with a good thick stand of alfalfa) to the damage of plaintiff in the sum of $1,000."

Complaint is made that no destruction of existing corn or alfalfa is claimed in the petition. The language of the petition in this respect is that the plaintiff was damaged: "(1) By the loss of crops of alfalfa for the seasons of 1902, 1903, and 1904 on 25 acres of his said land amounting to 125 tons of hay of the value of $375. (2) By loss of crops of corn on 20 acres for the seasons of 1902, 1903, and 1904 to the amount of 1,200 bushels of the value of $300. (3) Damage to the said land by reason of killing out of 25 acres of alfalfa which was growing in good condition and in good thick stand thereon, and by injury to said land by reason of rendering 45 acres thereof useless and of no value for farming or for any other purpose in the sum of $1,000."

The evidence shows that in 1902 a ripened crop of alfalfa in the shock standing upon plaintiff's land was destroyed by flood waters, and that the roots of the plant

were also destroyed. It was further shown that the flooding rendered the land so wet that it could not be cultivated, and there is testimony that it thereby became worthless, and there was no evidence of any damage to crops except in 1902. Considering these facts, we are unable to see how the defendants were damaged by this instruction.

Instruction No. 3, which is also complained of, states the rule as to the measure of damages for injuries to land and to crops in accordance with the settled law of this state. The same criticism is made of this instruction, as of the statement of the issues in No. 1, that it allows the full value for alfalfa destroyed in 1902, as well as for crops in 1903 and 1904. We do not think the jury were misled as defendants complain. While the petition alleged damage to crops in 1902, 1903, and 1904, the evidence only shows damage to the crops in 1902, and the instructions only cover that year.

2. Instruction No. 9, which is complained of, states the proper rule with respect to the right of a landowner to defend his premises against surface water, and further informed the jury that, if they found that the defendants "turned the surface water in a reasonable manner and without negligence into a natural swale or surface water drain on their own premises, the plaintiff is not entitled to recover for any damage thereby occasioned, and you should find for defendants, and each of them, unless you further find that the plaintiff had acquired a right or easement in the use of the ditch across the lands of defendants by the adverse use thereof for the period of ten years preceding the obstruction of the same by the defendants, as alleged in plaintiff's petition and as herein instructed." By instructions previously given the jury had been advised with great particularity of the defendants' rights with respect to the disposition of surface water, and of the burden devolving upon plaintiff to prove the existence of an easement across defendants' lands. The specific complaint made of instruction No. 9 is that

the court in this instruction assumes that the defendants obstructed the ditch as alleged in the petition. We do not so understand the instruction. All that portion of it relating to surface water and defendants' rights with reference thereto was requested by the defendants. The court merely modified the same by indicating that, even though the landowner had such a right, it might have been lost by the prior grant of an easement providing for the diversion of the waters, so that they drained through an artificial channel.

. 3. The next complaint is that the court erred in refusing to send the jury to view the premises. This is a matter peculiarly within the discretion of the court, and unless this has been abused this court will not interfere. A number of years had elapsed between the damage complained of and the time of the trial, and it is shown that the conditions now are not the same as at the time that the injury is said to have occurred. Furthermore, where there is as little difference in the level of land as the plat in evidence shows there is at the *locus in quo,* it would be almost impossible to make a correct estimate by the eye alone of the manner in which water would naturally flow. Common experience teaches us that it is exceedingly difficult to determine a slight difference in the level of land merely by looking at it. We think there was no abuse of discretion by the court in refusing to send the jury to view the premises.

Complaint is made of the introduction of evidence relating to the measure of damages. The evidence showed that the alfalfa in 1902 had been cut and was in the shock when the waters destroyed it. It was shown that the fair market value of alfalfa was $4 a ton. The question as to price included the years 1903 and 1904; but no objection was made on that account. It was shown that in 1902 plaintiff's corn where not destroyed by the water made 55 bushels an acre, and that the fair market value of corn at gathering time was 28 cents and 29 cents a bushel. It is clear that the value of corn gathered and delivered is not

a true criterion of the value of growing corn in the middle of June. *Berard v. Atchison & N. R. Co.*, 79 Neb. 830. However, the value of the standing crop might have been brought out upon cross-examination. In any event, the amount of recovery, which is considerably less than the damage proved, shows clearly that the jury must have made some allowance, and the case ought not to be reversed on this ground alone.

4. The evidence in the case is conflicting, and it is difficult to ascertain from the record whether the jury reached the proper conclusion as to whether the defendants were in fact responsible for the flooding of plaintiff's land. A finding that the ditch had been filled by natural causes, such as silt and decaying vegetation, before defendants purchased the land over which it ran, would be fully as well supported by the evidence. But the experience of centuries has shown that the determination of such questions is best committed to an impartial jury, and we must abide by their decision on the facts.

We have found no errors which we consider prejudicial to defendants. The judgment of the district court is

AFFIRMED.

REESE, C. J., not sitting.