JOHN F. REAMS, APPELLANT, V. GEORGE CLOPINE ET AL.,
APPELLEES.

FILED APRIL 17, 1931. NO. 27645.

*George J. Marshall* and *Max Marshall*, for appellant.

*C. P. Anderbery, Leon Samuelson* and *C. R. Stasenka,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

Plaintiff sued to recover for damage to his land and crops thereon, which he avers was caused by the negligence and wrongful acts of the defendants in constructing and maintaining a dike across Wortham creek ditch which caused the waters of said ditch to flow over plaintiff's land, doing great injury thereto, as well as to the crops growing thereon. Defendants admit the construction of the dike in 1902 and its maintenance since then, but deny that plaintiff's damage, if any, was caused by any wrongful or negligent act of theirs. The trial to the court and jury resulted in a verdict for defendants and judgment thereon. Plaintiff appeals.

The errors assigned may be grouped under the following headings: The verdict is not supported by the evidence and is contrary to law; error in the exclusion of evidence; error in the giving and refusing of instructions.

The record discloses that plaintiff is the owner of the northeast quarter of section 11; that Earl Bell is the owner of the northwest quarter of section 11; and that the defendants are the owners of that part of section 2 lying south of the Republican river, all of said lands being in township 1, north of range 14, in Franklin county. These lands are all in the valley of the Republican river. The south side of the valley at the particular place is about one mile in width. The defendants' lands are adjacent to the river. The lands of plaintiff and Bell are immediately north of and adjacent to the bluffs on the south side of the river. Wortham creek has its source about ten miles southwest and drains an area of eight or ten square miles. It emerges from the bluffs into the valley on the land of Bell, where it ceases to have any defined channel. There the waters spread out over the valley, draining principally to the northeast across Bell's land over the land of plaintiff. After leaving the mouth of Wortham creek the waters become surface waters. It may also be observed that Wortham creek is ordinarily a dry creek and carries water only in times of rain, but in times of heavy rains it carries a very large volume of water, as much as 960 cubic feet per second for a short time.

In 1888 the then owners of plaintiff's and Bell's lands and of part of section 2 constructed a private ditch (hereinafter referred to as the Bell ditch) from the mouth of Wortham creek in a northerly direction across Bell's land, across the highway and into the land in section 2. There is evidence tending to show that this ditch had a carrying capacity of only 10 to 20 per cent. of that of Wortham creek. In ordinary rains it was sufficient to carry the waters that came down Wortham creek, but the evidence tends to show that it was wholly inadequate to carry the waters of the creek when there was a heavy or excessive rainfall. About 1902 the ownership of the land in sec-

tion 2 had changed. That part of the ditch in section 2 had become so filled with silt that it was nearly obliterated. The then owners of section 2 constructed a dike across the Bell ditch at the south boundary of their land and constructed a ditch (hereinafter called the Clopine ditch), running directly east along the south side of section 2 for a distance of about one mile. The evidence tends to show that the carrying capacity of the Clopine ditch was in excess of any water that came to it through the Bell ditch. The water coming down Wortham creek in times of heavy rainfall carried a large volume of silt and debris and filled up the Bell ditch to a considerable extent. The former owners of the Bell land from time to time cleaned out the ditch. The last time it was cleaned out appears to have been in 1921. After that Bell permitted it to be filled up to such an extent that it would not carry more than a very small percentage of the waters from Wortham creek in times of heavy rainfall. In the summer of 1927 there was a heavy rainfall in the vicinity, the evidence tending to show that it amounted to six inches in two hours. A large volume of water came down Wortham creek, and, the Bell ditch being insufficient to carry it, the overflow ran to the northeast over the Bell land and onto the land of plaintiff, causing damage to his crops and land. In 1928 there was a similar occurrence.

With respect to the carrying capacity of the Bell ditch and the Clopine ditch, the evidence is somewhat in conflict, but the great weight thereof clearly shows that the Clopine ditch was sufficient to and did carry all of the water that came to it, but that the Bell ditch was wholly insufficient to take care of the waters from Wortham creek. The evidence is amply sufficient to sustain, if not to require, a finding that plaintiff's damage was not caused by defendants' dike.

Plaintiff contends that because the Bell ditch had existed from 1888 to 1902 he had thereby obtained a prescriptive easement to flow the water of the Bell ditch onto the lands of the defendants, and that this question was settled by this court in the case of *Reams v. Clopine*, 87 Neb. 673.

For the sake of argument, it may be conceded that an easement was thereby created, but it does not necessarily follow that the easement continued until 1927 and 1928. However, we do not consider that question of vital importance, since the question was fairly submitted to the jury that, if the dike constructed by defendants was the cause of the damage to plaintiff's land and crops, then plaintiff was entitled to recover.

Plaintiff complains of the refusal of the court to give to the jury a number of requested instructions. We have examined all of the instructions and find that the substance of most of them was contained in those given by the court on its own motion. We find no error in the refusal to give any of them.

It is argued, however, that instructions numbered 3 and 4, given by the court, are erroneous. Instruction No. 3 informed the jury that at the time defendants' dike was constructed plaintiff had an easement to flow the waters of the Bell ditch onto the lands of defendants, and that when the defendants constructed the dike and changed the course of the waters, if, as a result thereof, plaintiff suffered damage thereby, then he was entitled to recover for such damage as the evidence shows he has sustained. This instruction may be subject to criticism but not by the plaintiff. Plaintiff would be entitled to recover for only such damage, if any, as was the direct result of the construction of the dike. Certainly, plaintiff was not prejudiced by this instruction. We have carefully examined instruction No. 4 and find no error therein. It correctly stated the law with reference to the right of a landowner to drain his lands by an open ditch carrying the water into a natural course, provided he does not thereby cause damage to another.

Plaintiff complains of the refusal of the trial court to permit the opinion by this court in *Reams v. Clopine, supra,* to be read to the jury. The pleadings, judgment of the district court and mandate of this court in that case were all introduced in evidence. The court speaks by its judgments and orders. The opinion is only the reasoning of

the court for its judgment. We think the evidence was properly rejected.

Plaintiff also urges that the trial court committed error in permitting the jury to view the *locus in quo*. Ordinarily, this is a matter addressed to the sound discretion of the trial court, and it may be observed that no abuse of discretion is shown.

No error prejudicial to plaintiff has been found. The judgment of the district court is

AFFIRMED.