WEBSTER & BURR, PLAINTIFFS IN ERROR, V. JAMES
O'SHEE, DEFENDANT IN ERROR.

1.  **Evidence,** *Held,* Sufficient to sustain verdict.

2.  **Instructions to Juries.** Where instructions are asked which
    are not applicable to the issue made by the pleadings they
    should be refused.

ERROR to the district court for Lancaster county. On
trial below, before POUND, J., the following instructions
asked for on behalf of Webster & Burr were refused and
exceptions taken:

A.   The notes having been sent to defendant for collec-
tion to the order of Sheffler, they are bound to hold the
proceeds for him, and he not being made a party in this
action, you will find for defendants garnishees and against
plaintiff.

B.   In this action, if you find it uncertain to whom the
money belongs, you will find for the defendants the gar-
nishees and against the plaintiff.

C.   In an action at law by attachment like this a gar-
nishee (the defendants) are not chargeable where the own-
ership of the fund is uncertain, and if you find that the
ownership of the fund is uncertain, you will find for the
defendants garnishees and against the plaintiff.

D.   The jury is instructed that no question is made
either in the pleadings or testimony regarding the amount
of the fee charged by Burr & Webster to Odenwelder &
McKissick for defending McKissick in a criminal prosecu-
tion. The evidence shows that the amount of that fee was
agreed upon, and therefore the question is, "Did Oden-
welder agree or was he liable to pay a fee certain, and if so,
how much, at the time this proceeding in garnishment was
commenced, or prior thereto?"

E.   If the jury find that the money in the hands of
Webster & Burr belonged to Odenwelder, and further find

that Odenwelder & McKissick were and are indebted to
Webster & Burr on the promissory note set up by Webster
& Burr in their answer, then defendants Webster & Burr
have a right to set off the debt of Webster & Burr against
the claim of Odenwelder to the amount of such indebted-
ness, and your verdict will be in favor of defendants.

F. If the jury find it to be uncertain to whom the
moneys collected by Webster & Burr belonged, the jury
must bring in a verdict in favor of defendants, Webster &
Burr, because to establish liability against a garnishee, it
must clearly appear to whom the indebtedness sought to be
reached belongs.

G. The jury are instructed to find a verdict 'generally
in favor of defendants Webster & Burr.

*J. A. Marshall,* for plaintiffs in error.

*A. C. Ricketts,* for defendant in error.

MAXWELL, J.

In 1879, the defendant in error commenced an action by
attachment against A. J. Odenwelder, before a justice of
the peace of Lancaster county, to recover the sum of $100.
Webster and Burr were served with notice of garnishment
and appeared and answered. Afterwards judgment was
rendered against Odenwelder for the sum of $100 and
costs, and the plaintiffs in error were required as garnishees
to pay the same. From that order they appealed to the
district court, where the following stipulation was entered
into: "It is stipulated by and between the plaintiff
and the said garnishees Webster and Burr, that plain-
tiff may file petition against garnishees, and that gar-
nishees may answer and defend as garnishees originally
brought to this court to answer, and without denying
or traversing Odenwelder's indebtedness to plaintiff,
may, without prejudice to them of order of garnish-

ment made before the justice of the peace, be heard upon their liability to Odenwelder in any sum whatever and try such question in this court, and in the finding and order in garnishment, if the garnishees are found to have any sum of the defendant Odenwelder in their hands, this court may enter judgment against garnishees as original sureties of defendant Oldenwelder, and execution thereon may issue as if garnishees were original joint debtors and parties defendant in this suit." O'Shee then brought an action on the order. In their answer to the petition, the plaintiffs in error state in substance that in the year 1876 they received from an attorney in Pennsylvania a promissory note of one H. Valliant, for the sum of $162, with interest at 12 per cent. This note was drawn in favor of A. J. Odenwelder and was not endorsed, but was remitted to them for collection as the property of one Sheffler; that they had at that time another similar note drawn payable to Odenwelder and not endorsed, which they were advised belonged to Sheffler. That they collected on these notes the sum of $235.25 and no more, and that the collections were effected to a great extent by legal proceedings, and a just and reasonable charge therefor was the sum of $50, and that they paid costs amounting to $2.50. They also plead that afterwards one McKissick, a son-in-law of Odenwelder, was arrested on the charge of felony committed in Colorado, and that they were employed by Odenwelder to defend him, which they did, and for which Odenwelder promised to pay them the sum of $224, which he has failed to do; therefore they ask to have the amount in their hands applied to the payment of said claims. The reply is a general denial. On the trial of the cause in the court below, the jury returned a verdict in favor of O'Shee for the sum of $122.22, upon which judgment was rendered.

The errors assigned are in substance that the verdict is against the weight of evidence; that the court erred in

the instructions given, and in the refusal to give the instructions asked. Without reviewing the evidence at length, in our opinion it fully sustains the verdict, and the instructions given were certainly favorable to the plaintiffs in error. As to the instructions asked, it is sufficient to say that they were not applicable to the issue made in the pleadings. There is no issue made in the answer that these notes belonged to Sheffler. It is stated that they were received as his, but were drawn in favor of Odenwelder and not endorsed. It is not alleged that the notes were Sheffler's, nor under the most liberal rules of construction could the answer be so construed. The entire purport of the answer is that the notes belonged to Odenwelder, and that under an agreement with him, the plaintiffs in error were entitled to the proceeds. The instructions asked sought to submit the question of Odenwelder's ownership of the notes to the jury. This would have been proper had such ownership been denied, but it is not. Instructions must be applicable to the issue, and if they are not, they should be refused. It is very clear that justice has been done in the case, and the judgment is affirmed.

JUDGMENT AFFIRMED.