ISABEL CORNELL, APPELLEE, V. PETER B. HAIGHT ET AL.,
APPELLANTS.

FILED SEPTEMBER 26, 1910. No. 16,114.

1. **Pleading:** MOTION TO MAKE DEFINITE: REVIEW. The plaintiff by her petition sought to recover for services rendered the defendants in making or compounding 5,000 bottles of a certain medicine, called "Co-lon-co," for which they furnished the materials, except the ingredients of a so-called secret formula. The defendants moved the trial court to require the plaintiff to make her petition more definite and certain by setting forth the ingredients of her formula. The motion was overruled. *Held,* That the disclosure thus sought to be obtained was immaterial, and therefore it was not error to overrule the motion.

2. **Witnesses:** CROSS-EXAMINATION. The plaintiff, on cross-examination, should not be required to make proof of, or give evidence tending to establish, matters not alleged in his petition or put in issue by the pleadings.

3. **Trial:** INSTRUCTIONS. It is the duty of the court to refuse to instruct the jury on matters not in issue and upon which he has refused to receive evidence.

4. ———: ———. Where the court has, on his own motion, fairly submitted to the jury all of the questions in issue, it is not error for him to refuse to give further or additional instructions tendered by the parties.

5. **Appeal:** VERDICT: CONFLICTING EVIDENCE. A verdict of a jury rendered upon conflicting evidence will not be set aside by a reviewing court unless it appears that upon some material matter there is not sufficient competent evidence by which it can be sustained.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*A. S. Churchill,* for appellants.

*John M. Macfarland* and *Charles E. Foster, contra.*

BARNES, J.

This was an action at law to recover for services alleged to have been performed for defendants by plain-

tiff, at their special instance and request, in making or compounding a certain medicine called "Co-lon-co." The plaintiff had the verdict and judgment, and the defendants have appealed.

The petition contains two counts, and charges, in substance, that on or about the 1st day of September, 1904, the defendants Haight and Webster, doing business under the name and style of P. B. Haight & Company, contracted to and with the plaintiff to manufacture for them a medicine known as "Co-lon-co," for which they were to furnish all of the ingredients, except those of a secret formula, together with the bottles and labels. Defendants were to put the same upon the market, and when sold they were to pay the plaintiff therefor $37\frac{1}{2}$ cents a bottle; that her services were to be performed at such times as the defendants demanded; that in accordance with this agreement plaintiff did, between the 1st day of September, 1904, and the 1st day of April, 1905, manufacture, prepare and deliver to the defendants 1,500 bottles of Co-lon-co; that the defendants accepted, received and sold the same, but have failed, neglected and refused to pay the plaintiff therefor; that there is now due to her from the defendants upon her said first cause of action the sum of $562.50.

Plaintiff's second cause of action was for like services performed for the defendants in making for, and delivering to, them 3,500 bottles of Co-lon-co between the 1st day of April, 1905, and the 1st day of August, 1906, at the agreed price of $37\frac{1}{2}$ cents a bottle, and it was alleged that defendants received and sold the same, for which they have neglected, failed and refused to pay the plaintiff anything, and that there is due to her from the said defendants on her second cause of action the sum of $1,-112.50. The petition concluded with a prayer for a judgment against the defendants for the sum of $1,675, with interest thereon from the 1st day of September, 1906, at 7 per cent. per annum, and costs of suit.

To this petition the defendants answered by a denial, both general and special, that the firm of said P. B.

Haight & Company, or either of its members, ever entered into any contract or agreement with the plaintiff, either verbal or written, for the manufacture of the medicine known as "Co-lon-co." The answer also alleged that whatever Co-lon-co defendants received or sold was purchased by them from a company known as the Co-lon-co Remedy Company, composed of P. B. Haight and N. H. Cornell, deceased, who was the husband of the plaintiff, and that whatever service she performed in manufacturing the medicine in question was done and performed for said remedy company at the instance and request of her deceased husband, who was a member of that company, and whose duty it was to manufacture said medicine, and that her services were not performed for the defendants. The answer also contained a statement of the formation of the Co-lon-co Remedy Company, the agreement under which its business was carried on, and some other immaterial matter, which it is unnecessary for us to consider. To this answer the plaintiff replied by way of a general denial, and upon the issues thus joined there was a trial to the jury and a verdict and judgment as above stated.

1. It appears that the defendants, before filing their answer, attacked plaintiff's petition by motion to require her to make it more definite and certain by setting forth the ingredients of the secret formula mentioned therein. The motion was overruled, and, for this, error is assigned. It is also contended that the trial court erred in refusing to require the plaintiff to disclose the nature of her secret formula on cross-examination. Those two assignments will be considered together.

It must be observed that the issues tendered by the petition and finally made by the pleadings were: First. Did plaintiff make and deliver to the defendant 5,000 bottles of Co-lon-co, or any part thereof, for the agreed compensation of $37\frac{1}{2}$ cents a bottle to be paid for when sold by them? Second. Had the medicine so made and delivered been sold at and before the filing of her petition? It follows, therefore, as a matter of course, that the nature

and ingredients of the so-called secret formula, **if there was one**, were wholly immaterial, and had no place in the controversy. If the medicine was made for, delivered to, and sold by defendants to their customers, without complaint on the part of the latter; plaintiff should recover regardless of what it contained. The district court was therefore right in overruling the motion and excluding the evidence above mentioned.

2. The defendants next complain of instructions numbered 5 and 6, given by the trial court on his own motion, and allege error because by those instructions the jury were not required to find that there was a secret formula for making the medicine in question, or that plaintiff furnished or put into the medicine the ingredients of that formula. What we have said in disposing of defendants' first and second assignments of error is decisive of this question. The instructions complained of fairly stated all of the material issues made by the pleadings, and informed the jury of the nature of the evidence required of the plaintiff in order to entitle her to recover. Therefore, this assignment of error must fail.

3. The defendants' third assignment of error is predicated upon the refusal of the court to give the jury paragraphs numbered 1 and 2 of the instructions requested by them. Those requests both contain a statement, in substance, that before the plaintiff can recover she must prove, by a preponderance of the evidence, that in making the medicine in question she put into it the ingredients of the so-called secret formula. As we have already seen, under the issues made by the pleadings and the evidence received at the trial, this was wholly immaterial, and whether she placed any, all, or a part only of the ingredients of her formula in the medicine should not affect her right of recovery. For this reason, the instructions in question were properly refused.

4. Defendants also contend that the district court erred in not giving the third paragraph of the instructions requested by them. By that instruction they sought to have

the jury told, in substance, that defendants were not bound by the statements made to plaintiff by her deceased husband. While this statement is correct as an abstract proposition of law, we find nothing in the pleadings or the evidence requiring such an instruction. The plaintiff sought to recover on an express agreement which she alleged was made between herself and the defendants. Her testimony supported that issue, and none other, and it was therefore the duty of the trial court to refuse such an instruction.

5. Error is also assigned for a failure to give the fourth paragraph of the instructions tendered by the defendants. By that paragraph they sought to have the jury instructed that before plaintiff could recover she must prove by a preponderance of the evidence that she made the Co-lon-co in question for the defendants, and that there must have been a secret formula for making it; that she furnished the materials therefor and put the same into the medicine so manufactured by her. The defendants thus again sought to raise the question of the secret formula and its ingredients. What we have said in discussing the first assignment of error fully disposes of this question; and, although defendants seem to have been obsessed with the idea that the nature of the so-called secret formula was a matter available to them as a defense to this action, we do not so understand it, and therefore are of opinion that the instruction was properly refused.

6. Defendants further complain of the refusal of the court to give instructions numbered 5, 6 and 7, tendered by them. Those requests will be considered together, and may be disposed of by saying that the court fully covered the propositions contained in each of them by the charge given to the jury on his own motion. In fact, a careful perusal of the record shows that the questions at issue were fully and fairly submitted to the jury, and there was no error committed in giving or refusing instructions.

7. All of defendants' other assignments of error, but one, relate to, and deal with, the sufficiency of the evi-

dence to sustain the verdict. It may be said that there seems to be no serious dispute as to any of the matters in controversy, except the main one relating to the agreement under which the plaintiff claims to have made and delivered medicine called "Co-lon-co" to the defendants. Her evidence was direct and positive that the agreement was made, as alleged in her petition, with the members of the firm of P. B. Haight & Company; that she was to receive 37½ cents a bottle for the medicine when the same was sold. Defendants denied that they ever made such a contract, and so testified. They also testified that plaintiff's services were rendered to a company called the "Co-lon-co Remedy Company." This she positively denied. So upon that point there was a direct conflict of evidence. Its determination was therefore purely a question for the jury, and they having found for the plaintiff it is not within our province to set their verdict aside.

8. Finally, it is contended that the verdict is excessive; that the plaintiff did not make and deliver to the defendants 5,000 bottles of Co-lon-co. On this point the evidence for the defense is vague, uncertain and indefinite, while the plaintiff testified that she made 5,000 bottles of the remedy in question for them, that she bottled it, pasted the wrappers on the bottles herself, and placed the bottles when thus prepared on the shelves in the defendants' store. It is evident that the jury believed her testimony, and we are concluded by their verdict.

Failing to find any reversible error in the record, the judgment of the district court is

AFFIRMED.