FRANK W. WHEELER, APPELLANT, v. MILO F. ABBOTT, APPELLEE.

FILED JUNE 13, 1911.   No. 16,499.

1. **Trial:** MOTION FOR VERDICT: ADMISSION. Where upon a jury trial, at the close of plaintiff's evidence, the defendant moved the court for a directed verdict in his favor, the motion must, for the purpose of a decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted and all proper inferences to be drawn therefrom.

2. **Husband and Wife:** CRIMINAL CONVERSATION: ALIENATION OF AFFECTIONS: QUESTIONS FOR JURY. In an action of criminal conversation and for damages for the alienation and estrangement of the affections of a wife by a stranger, where the evidence submitted tended to prove improper conduct and undue familiarity between the wife and defendant, the questions of the weight of the testimony of the witnesses and the inferences to be drawn from the evidence are for the determination of the jury.

3. ———: ———: CIRCUMSTANTIAL EVIDENCE. The crime of adultery being seldom susceptible of direct proof by eye-witnesses, resort must be had to circumstantial evidence.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*J. E. Willits,* for appellant.

*John C. Stevens, contra.*

REESE, C. J.

This is an action by plaintiff, appellant, against the defendant, appellee, for damages for the alienation of the affections of plaintiff's wife and their alleged criminal conversation. The averments of the petition are stated in plaintiff's brief, and are here produced as there stated: "(1) That Mattie May Wheeler is the lawful wife of the plaintiff, and has been such ever since the 16th day of February, A. D. 1886. (2) That on or about the 1st day of March, A. D. 1905, and on divers other days between that date and the commencement of this action, the defendant Milo F. Abbott, wrongfully, wickedly, wilfully, maliciously and unjustly cohabited, associated and kept company with, and carnally and criminally knew, one Mattie May Wheeler, then and still being the wife of the plaintiff, and thereby the affection of said Mattie May Wheeler for the plaintiff was alienated and destroyed, and the plaintiff has been deprived of the comfort, fellowship, services, society, marital relation and assistance of his wife in domestic affairs, and has been brought into dishonor and disgrace, and has suffered great mental anguish and injured feelings, all to his damage in the sum of $10,000."

The answer of defendant is a general denial of each and every allegation contained in the petition. A jury trial was had, and at the close of plaintiff's evidence the court, on motion of defendant, instructed the jury to return a verdict in favor of defendant, which was done. A motion for a new trial was filed, overruled, and judgment of dismissal, with costs against plaintiff, was rendered. Plaintiff appeals.

There is but one contention presented by plaintiff, which is the general one that the court erred in giving the instruction complained of. This involves an examination of the evidence offered by plaintiff, as no testimony was offered by defendant. We have read all the evidence introduced as shown by the bill of exceptions. Upon the

oral argument much was said against plaintiff's character as a provider for his family, his lack of industry, etc.; but nothing of this kind is shown by the evidence. Upon the contrary, it appears that plaintiff has been under employment for many years at fair wages, having been in the service of the United States as mail carrier on a rural route for the last 7 years, devoting his income to the support of his family, consisting of his wife and four children. He and his wife were married in 1886, and lived happily together until the advent of defendant into the family. The home was finally broken up, the marital relations between plaintiff and wife interrupted, and finally terminated. While there is evidence of conduct on the part of the wife and defendant which cannot be approved, such as associating together of evenings and nights away from home, riding together, leaving plaintiff alone, her refusal to cohabit with him, and exhibiting a decided preference for the association of defendant, yet there is a possible explanation which tends to remove a suspicion, which might otherwise be well founded. Plaintiff and defendant are brothers-in-law; defendant's deceased wife having been a sister of plaintiff. There is no relationship by consanguinity between defendant and plaintiff's wife. They lived as one family at the home of plaintiff, eating at the same table. Defendant and plaintiff's wife had formed some kind of a partnership in the dairy and vegetable gardening business. Plaintiff's work upon the mail route required his absence from home during the day. As expressed by one witness, plaintiff "didn't seem to be very much in it," and the conduct of the family toward plaintiff was "as though he was an interloper." In the fall of 1907, the last week of August or the first week in September, defendant and plaintiff's wife were "down town here seven nights from 9 to 11 o'clock at night, and till 12 o'clock for seven nights during the two weeks," and other times that plaintiff could not remember. Other witnesses testified that their conduct toward each other was very familiar. It is not deemed necessary to follow this subject

further. Unexplained, the conduct of these parties might lead thinking right-minded people to but one conclusion, that is, as expressed by some of the witnesses, "there was something wrong." It may be that the suspicion and belief of plaintiff had no actual foundation in fact for their support, yet the evidence, if true, might lead to the opposite conclusion. There is no doubt of the estrangement of plaintiff's wife. It may be that the conduct of defendant toward her was not the cause of such estrangement and refusal on her part to cohabit with plaintiff; but, in the face of the evidence given, it would have been much better had explanations been made. Defendant knew of the estrangement, and was notified of the fact by plaintiff, and that plaintiff desired the relation between his wife and defendant to cease; but the request was unheeded.

It is true that there was no direct proof of the commission of the crime of adultery between defendant and plaintiff's wife; but, as said in *Smith v. Meyers*, 52 Neb. 70: "It was not indispensable to a recovery that the acts of sexual intercourse should have been established by the testimony of a disinterested eye-witness. Adultery would be very difficult of proof if such were the rule; but it may, like any other fact, be established by circumstantial evidence." The demurrer to the evidence must be held, for the purpose of passing thereon, as an admission of the truth of all material and relevant testimony. We do not express any opinion as to the merits of the case, nor as to the weight of the testimony of any witness, nor, indeed, as to any inference to be drawn from the facts proved. If the evidence tended to sustain the averments of the petition, the case was for the decision of the jury, under proper instructions, and not for the court. In causes tried to a jury, the jurors are the triers of questions of fact.

The judgment of the district court is reversed, and the cause is remanded to that court for further proceedings.

REVERSED.

FAWCETT, J., concurs in the conclusion.