META LARSEN, APPELLEE, V. NICK LARSEN ET AL.,
APPELLANTS.

FILED MAY 7, 1927. No. 24799.

1. **Trial:** INSTRUCTIONS. It is elementary that it is the duty of the trial court in its instructions to the jury to fairly state the issues raised by the pleadings.
2. **Pleading:** ADMISSIONS IN ANSWER. In an alienation case brought by the wife against the husband's father, mother and sister, the admission in the answer that the respective relatives, without ulterior motives, counseled with the husband, when so requested, as to his interests and affairs, is not an admission of any wrongdoing on their part.
3. **Husband and wife:** ACTION FOR ALIENATION OF AFFECTIONS: MEASURE OF DAMAGES. Ordinarily, in such a case, the measure of plaintiff's recovery, if any, is the damage which she may have

sustained by loss of comfort, society, love and protection, usually expressed by the word "consortium."

4. **Witnesses: Husband and Wife: Competency.** In such a case, statements made by the husband to the wife out of the presence of the defendants, are competent evidence to indicate the condition of the husband's mind and his feeling toward his wife at the time; and, prior to July 1, 1925, the husband could not be heard to contradict such statements. However, on the last-named date a legislative enactment amending section 8837, Comp. St. 1922, became effective so as to make the husband a competent witness in all such cases tried after this amendatory act took effect, without regard to when the cause of action arose.

APPEAL from the district court for Fillmore county: WILLIAM J. MOSS, JUDGE. *Reversed.*

*Albert S. Johnston, Claude S. Wilson* and *Waring & Waring,* for appellants.

*Sloans, Keenan & Corbitt, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This is an action commenced in the district court for Fillmore county by appellee, Meta Larsen, hereinafter called plaintiff, against Nick Larsen, Anna Larsen, and Ida Larsen, father-in-law, mother-in-law, and sister-in-law respectively of plaintiff, appellants, and hereinafter called defendants, seeking to recover damages from such respective defendants for alienating the affections of plaintiff's husband, and depriving her of his support, maintenance, comfort, and companionship. After the issues were duly joined, the case was tried to a jury, and verdict returned and judgment entered for plaintiff against the defendants, and each thereof: to reverse which such defendants respectively appeal. The petition also charged the defendants with having wrongfully and maliciously formed a conspiracy seeking to deprive the plaintiff of the above indicated

rights enuring to her by reason of such marital relations; and in furtherance of such conspiracy charged the defendants with the wrongful commission of sundry other acts affirmatively pleaded, leading up to and forming the basis of plaintiff's alleged right of recovery.

The defendants answered separately, and such answers were identical in terms. Each thereof, in substance, was as follows: Admits the marriage, defendants' relationship with Charles Larsen, the husband, and that no objections were interposed by defendants to such marriage; admits that as such father, mother, or sister, as the case may be, they at various times have advised with such Charles Larsen in reference to his personal affairs, when solicited by him to do so, but in good faith and without malice, and with a view solely to his welfare as such relative; further admits that plaintiff commenced an action for separate maintenance against her husband alleging as cause his breach of marital duties, of which no act of defendants was the controlling cause, and that plaintiff voluntarily dismissed such application; and for further answer, and as an independent paragraph thereof, defendants interposed a general denial to each and every allegation in plaintiff's petition "not hereinbefore expressly admitted or alleged."

To these respective answers plaintiff interposed by way of reply a general denial.

The errors relied on for reversal are as indicated by the motion for a new trial, the briefs filed, and oral argument had, and include the usual charge that the verdict is not supported by the evidence and is against the weight thereof; also exceptions to every instruction given by the court, and the refusal of the court to give numerous instructions asked by the defendants; also errors of law occurring at the trial.

We will first consider the challenge to the instructions, so far as we deem it necessary to a proper disposition thereof. Instruction No. 1, complained of, contains an extended synopsis of the facts set forth in the petition; also

that part of the answers heretofore indicated, save and except the general denial, which was omitted; further, a statement that the reply to such answers was a general denial, and then closes as follows: "These pleadings make the issue which you are to determine by your verdict." There were many material facts alleged in the petition, and necessary to be proved by plaintiff, which were not met, or intended to be met, by the answer, save by means of such general denial. It is elementary that the duty of the trial court in such a case is to fairly state the issues raised by the pleadings. By reason of such omission this was not done. The issues as stated left the facts forming the basis of plaintiff's recovery largely confessed by the defendants, an error so prejudicial as to impel reversal of the judgment.

As the case may be retried, it might be well to consider the law applicable to the facts, as we view the record. The admission in the answers that these respective relatives counseled with the husband, when so requested, as to his interests and affairs, was not an admission of any wrong-doing on their part, as they were clearly within their rights in so counseling. As we said in *Melcher v. Melcher*, 102 Neb. 790: "If the evidence is that the parents' sole motive was to promote the welfare of their son, and the circumstances and conditions were such that they might reasonably believe that the advice given was justifiable and for the best interest of all parties concerned, they cannot be held in damages."

Instruction No. 19, complained of by defendants, is as follows: "You are instructed that if you are satisfied that the defendants, or any of them, alienated the affections of Charles Larsen for Meta Larsen, and she thereby suffered the loss of the association and support of her husband through the agency of the defendants, or any of them, her measure of damages, against such defendant or defendants, would be her actual loss of support, and also the loss of affections and companionship of her husband, Charles Larsen, and the humiliation, if any, which she

might suffer as a logical result thereof." As the uncontradicted evidence in this case shows, the husband was a stout, able-bodied man, 39 years of age, and possessed of at least $2,400 worth of personal property, and that he personally, as well as his property, was within the jurisdiction of the court at all times, and as the law clothes the wife with the right to require him to contribute to her support—a right of which she was not deprived by defendants—there would be no liability on their part for such support in this alienation case, even if the evidence otherwise sustained the charges of the petition, which we do not decide. Under such a state of facts, the recovery, if any, must be for loss of comfort, society, love, and protection, usually expressed by the word "consortium." Hence, as this instruction failed to eliminate such husband's primary liability, it did not correctly announce the law of the case, and as this defect was not cured by any other instruction, the giving thereof was error. *Sohl v. Sohl,* 114 Neb. 353.

On the trial of the case the wife was permitted, over objections of the defendants, to detail in evidence conversations which she had had with her husband, in the absence of the defendants, for the purpose of showing, or tending to show, the condition of her husband's mind and his feelings toward her at such respective times. As we said in the course of our opinion in *Stocker v. Stocker,* 112 Neb. 565: "While evidence of what the husband said out of the presence of the defendant would ordinarily be hearsay and incompetent to prove such wrongful conduct of defendant as would tend to cause the husband to lose his affection for his wife, such evidence may be properly received to show the state of the husband's feelings toward his wife, and in this case the court, by proper instruction, informed the jury that such evidence was received only for such purpose." Hence, error was not committed by the trial court in admitting this evidence for such purpose.

Defendants, on their respective parts, procured the husband to be sworn as a witness, but owing to the objection

606 NEBRASKA REPORTS. [VOL. 115

of plaintiff he was not permitted to testify. Extended offers were then made of the facts sought to be proved by such witness, to which objections were made and sustained. Under the law as it then existed, the husband was not a competent witness, and error was not committed by the court in refusing such proffered testimony. *Stocker v. Stocker, supra.* However, on July 1, 1925, a legislative enactment (Laws 1925, ch. 75) amending section 8837, Comp. St. 1922, became effective, so as to make the husband a competent witness in all such cases tried after this amendatory act took effect, without regard to when the cause of action arose.

While other errors are complained of as to instructions, as well as to the introduction of testimony, they are not likely to occur at a future trial of this case, if such should be had, and therefore are not further considered.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.