FRANK WILCH, APPELLEE, v. WESTERN ASPHALT PAVING CORPORATION, APPELLANT.

FILED DECEMBER 9, 1932. No. 28122.

*Milchrist, Schmidt, Marshall & Jepson* and *Courtright, Sidner, Lee & Gunderson,* for appellant.

*J. C. Cook* and *George W. Wertz, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

DEAN, J.

On or about April 10, 1930, Frank Wilch, the plaintiff herein, entered into a contract with the Western Asphalt Paving Corporation, the defendant, for certain road grading by the plaintiff on a certain highway preparatory to the paving thereof by the defendant under another contract between the defendant and the state department of public works. On the part of the plaintiff it is alleged that, on June 10, 1930, the defendant unlawfully and with the deliberate intention of preventing the plaintiff from performing and fulfilling his contract caused a notice to be served upon the plaintiff charging him with having defaulted in his work. The plaintiff alleged that any failure to perform his work was due to the wrongful and fraudulent acts of the defendant and his agents in directing the plaintiff in his work and hindering him so that he could not follow the plans and specifications involved in the contract, and that, in view thereof, he has been damaged in the sum of $11,000 by such wrongful acts of the defendant.

The defendant denied the allegations of the plaintiff in part, and alleged that he was induced to enter into the contract with the plaintiff through false representations made to him, wherein the plaintiff alleged that he was fully equipped to perform the work and that he was familiar therewith; that the plaintiff did not perform his work according to the plans and specifications of the contract, by reason of which the notice of default was served upon him by the defendant; and that the work

was thereafter completed by the plaintiff's surety company.

The plaintiff denied the allegations of the defendant's answer, and alleged that he was at all times familiar with the work to be performed, but that he was prevented from the performance thereof by the defendant, and that he ceased work under the direction of the defendant.

Upon submission of the facts, the jury found for the plaintiff in the sum of $8,000, and the motion for a new trial was overruled by the court upon the filing of a remittitur of $1,700 therefrom by the plaintiff. Judgment was thereupon entered for the plaintiff for $6,300, from which the defendant has appealed.

As grounds for reversal, the defendant relies upon 17 assignments of alleged error which relate almost entirely to the giving of certain instructions by the court and to the refusal of certain instructions tendered by the defendant. Instruction No. 1 given by the court is as follows:

"On April 10, 1930, plaintiff and defendant entered into a contract for road grading, which is exhibit F, and which is in evidence here. That defendant conceived and consummated a scheme with the deliberate and fraudulent purpose of defrauding plaintiff from receiving the profits thereof, and that, in pursuance of this scheme, hindered and delayed the plaintiff in various ways so that it was impossible for him to perform the contract in every detail, although he was always ready, willing, and able to do so. That on June 10, 1930, in furtherance of this scheme defendant required plaintiff to quit work, although he was half a mile ahead of the mixer at that time, and was keeping up in every detail with the full performance of his contract. He says that because of the above he has been damaged in the sum of $11,000, and asks a verdict in his favor for that sum."

It is to be noted that the words "it is alleged" were omitted from the above instruction by the court, thereby tending to inform and instruct the jury as to positive facts, instead of allegations of the plaintiff. By this in-

struction the jury were affirmatively informed by the court that the defendant conceived and consummated a scheme with the deliberate and fraudulent purpose of defrauding the plaintiff and delaying and hindering him, making it impossible for the plaintiff to perform the contract in every detail, although he was at all times willing to do so.

In a memorandum opinion the trial judge admitted that, technically, by the omission of the words "it is alleged," the jury were informed that "certain things were true," and that "unless the other instructions rectified this error of course a new trial should be granted." But the trial judge stated that, in his opinion, by reading all of the instructions together, the jury could not have believed that the only question in the case was the question of damages. At the conclusion of his memorandum opinion, however, the court further stated that a new trial would be granted unless a remittitur from the judgment was made. And, as noted above, this remittitur was made by the plaintiff.

We have held: "It is elementary that it is the duty of the trial court in its instructions to the jury to fairly state the issues raised by the pleadings." *Larsen v. Larsen,* 115 Neb. 601. And in *Terry v. Beatrice Starch Co.,* 43 Neb. 866, we held: "It is error for the court to give an instruction which assumes as established a disputed question of fact. It is for the jury alone to pass upon conflicting evidence." See, also, *Herold v. Coates,* 88 Neb. 487; *Estelle v. Daily News Publishing Co.,* 99 Neb. 397; *Willman v. Sandman,* 101 Neb. 92. In the present case, where the trial court in an instruction to the jury stated the facts as pleaded by the plaintiff but omitted therefrom the words "it is alleged," such instruction is erroneous in that it assumes as established facts concerning which the evidence is in conflict, thereby reflecting the opinion of the trial judge and invading the province of the jury. And such an error in an instruction to the jury is not cured by the giving of other instructions, where

such error consists, not of an omission of some material fact, but of an affirmative statement by the court which, when considered with the other instructions, tends to confuse the jury. *Morton v. Harvey,* 57 Neb. 304. Upon an examination thereof, we do not find that other instructions given by the court cured the prejudicial error complained of in instruction No. 1, given by the court. Other assignments of alleged error have been pointed out but, in view of our decision, we do not find it necessary to discuss them. The judgment is reversed and the cause remanded for further proceedings.

REVERSED.