EARL H. CANTIN, APPELLEE, v. ALVIN HOWARD, APPELLANT.

FILED JUNE 5, 1936. No. 29584.

*McNeny & Sprague, Victor Westermark* and *J. F. Ratcliff,* for appellant.

*Charles E. McCarl, contra.*

Heard before GOOD, EBERLY and PAINE, JJ., and CLEMENTS and THOMSEN, District Judges.

EBERLY, J.

This is an action to recover damages for criminal con-

versation. Earl H. Cantin is plaintiff, and Alvin Howard is defendant.

It is alleged, in substance, that about the fall of 1931, and on divers days between that date and the commencement of this action (November 28, 1934), defendant wrongfully cohabited with, had sexual intercourse with, and carnally knew, one Edith M. Cantin, then, and still being, the wife of plaintiff. The defendant pleaded a general denial. The case was tried to a jury and a verdict returned in favor of plaintiff for $1,250, and from the order of the trial court sustaining judgment thereon and overruling his motion for a new trial, defendant appeals.

None of the instructions given by the trial court is challenged, and appellant bases his entire contention on appeal upon the proposition of the insufficiency of the evidence to sustain the judgment.

The evidence is certainly conflicting and somewhat confusing. It includes evidence of a definite admission by plaintiff's wife of sexual intercourse with defendant. According to proof in the record, this statement was made in the presence of the defendant. There is also evidence of repeated visits, as many as from two to three a week, made by defendant in the fall of 1933 with the wife of plaintiff, at plaintiff's home, when the husband was absent. The proof also tends to establish that, though these visits were made sometimes in the forenoon, and sometimes in the afternoon, they were always so timed that the arrivals occurred after the husband had left, and the departures took place before his return.

This evidence, in connection with proof of attendant circumstances, including claimed gifts by defendant to plaintiff's wife, and together with the fact that there is no relationship by consanguinity between the defendant and the woman, certainly tends to substantiate the charge contained in the petition.

It must be conceded, however, that defendant's witnesses have quite largely contradicted the plaintiff's proof. Even the wife's admission of adultery, as well as the fact of

adultery, is expressly denied by both defendant and the wife herself. Facts are also testified to on behalf of defendant which certainly tend to contradict the case made by plaintiff and to support the defendant's theory of the case.

In the instant case, it is true that there was no direct proof of the commission of the crime of adultery between the defendant and plaintiff's wife, but, as said in *Smith v. Meyers*, 52 Neb. 70, 71 N. W. 1006: "It was not indispensable to a recovery that the acts of sexual intercourse should have been established by the testimony of a disinterested eyewitness. Adultery would be very difficult of proof if such were the rule, but it may, like any other fact, be established by circumstantial evidence."

It is also quite evident that the conflicting evidence in the record before us invokes the application of the principle that in a suit of this character, where the evidence submitted tended to prove improper conduct and undue familiarity between the wife and defendant, which is met by opposing proof, the questions of the weight of the testimony of the witnesses, and the inferences to be drawn from all the evidence presented, are for the determination of the jury. *Wheeler v. Abbott*, 89 Neb. 455, 131 N. W. 942.

This is a law action. Not a single exception is made to any of the instructions given by the court. The jurors heard the witnesses, and had opportunity to observe their demeanor while testifying. Under these conditions, a verdict based upon conflicting evidence will not be set aside on appeal, unless clearly wrong. *Reams v. Clopine*, 121 Neb. 86, 236 N. W. 158; *Scott v. New England Mutual Life Ins. Co.*, 128 Neb. 867, 260 N. W. 377.

It follows that, under the conditions presented by the record before us, the action of the trial court in overruling the defendant's motion for a new trial must be deemed correct, and its judgment is, therefore,

AFFIRMED.