EARL KLINGINSMITH, APPELLANT, V. ROSS ALLEN, APPELLEE.

53 N. W. 2d 77

Filed April 25, 1952.   No. 33155.

*Davis & Vogeltanz,* for appellant.

*Harold A. Prince* and *George A. Munn,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff brought this action at law to recover damages for criminal conversation without pleading any issue of alienation of his wife's affections as an element of damages. Concededly they were not alienated. The defense was a general denial.

The issues were submitted to a jury, whereupon it

returned a verdict for defendant and judgment was rendered thereon in his favor. Plaintiff's motion for new trial was overruled and he appealed, assigning substantially that: (1) The verdict and judgment were not sustained by sufficient evidence but were contrary thereto and contrary to law; (2) the court erred in exclusion of certain evidence; and (3) the court erred in refusing to give plaintiff's requested instruction No. 15. We conclude that the assignments should not be sustained.

The first assignment has no merit. It is elementary that in a law action where the issues are presented to a jury under proper instructions, a verdict based upon conflicting evidence will not be set aside unless clearly wrong. Cantin v. Howard, 131 Neb. 192, 267 N. W. 423. As stated in such opinion: "It is also quite evident that the conflicting evidence in the record before us invokes the application of the principle that in a suit of this character, where the evidence submitted tended to prove improper conduct and undue familiarity between the wife and defendant, which is met by opposing proof, the questions of the weight of the testimony of the witnesses, and the inferences to be drawn from all the evidence presented, are for the determination of the jury. Wheeler v. Abbott, 89 Neb. 455, 131 N. W. 942."

No complaint is here made that any of the instructions given by the trial court were erroneous. The issues presented and correctly submitted to the jury were simply whether or not defendant had adulterous relations with plaintiff's wife as alleged, and if he did, the amount of plaintiff's damages caused thereby.

To recite the salacious evidence appearing in the record would serve no useful purpose. As disclosed by the record, plaintiff's wife testified that defendant did clandestinely have such relations with her upon several specific occasions, all of which, as a witness in his own behalf, defendant positively and categorically denied. Other respectively supporting evidence, facts, and cir-

cumstances adduced by the parties were also more or less conflicting in character. Thus, a jury question was presented and we conclude that there was ample competent evidence in the record to sustain the verdict and judgment. Contrary to plaintiff's contentions, we find nothing in the record which could sustain a conclusion that the verdict was clearly wrong or the result of mistake, passion, or prejudice.

After certain pertinent questions had been asked plaintiff by his counsel and objection thereto had been sustained, an offer was made by plaintiff to prove that his wife subsequently on September 22, 1951, "told him of the various times of intercourse and we make this offer on the ground that this testimony is admissible in criminal conversation or alienation suits." Objection thereto was sustained and plaintiff in the second assignment argued that such ruling was erroneous. We conclude otherwise.

The only authority cited by plaintiff to sustain such contention was Larsen v. Larsen, 115 Neb. 601, 213 N. W. 971, an action brought by a wife against third persons to recover damages for alienation of her husband's affections. In that opinion it was said: "On the trial of the case the wife was permitted, over objections of the defendants, to detail in evidence conversations which she had had with her husband, in the absence of the defendants, for the purpose of showing, or tending to show, the condition of her husband's mind and his feelings toward her at such respective times. As we said in the course of our opinion in Stocker v. Stocker, 112 Neb. 565: 'While evidence of what the husband said out of the presence of the defendant would ordinarily be hearsay and incompetent to prove such wrongful conduct of defendant as would tend to cause the husband to lose his affection for his wife, such evidence may be properly received to show the state of the husband's feelings toward his wife, and in this case the court, by proper instruction, informed the jury that such evi-

dence was received only for such purpose.' Hence, error was not committed by the trial court in admitting this evidence for such purpose."

Plaintiff cited no authority and we have found none holding that such evidence would be admissible generally to prove the alleged wrongful conduct of defendant. In Cabana v. Olivo, 58 R. I. 252, 192 A. 302, after citing and quoting from numerous authorities, the court said: "In the instant case the alleged statements by the wife had no real bearing on the state of her mind at the time toward either of the parties, but were only relevant to the past conduct of the defendant. Therefore the husband's testimony to them was clearly inadmissible, being merely hearsay of the most objectionable character." Such statement has application here.

The statements in the case at bar would be admissible only in the event that this had been an alienation of affections suit or an action wherein such issue had been pleaded as an element of damages, and then only when relevant and offered for the limited purpose of showing the wife's state of mind. This was not an action involving any such issue or element. Therefore we conclude that the offer was properly refused.

In any event the evidence offered was merely cumulative. As a witness for plaintiff the wife had theretofore affirmatively testified both upon direct and cross-examination with regard to every prior alleged wrongful act of defendant and had also testified that subsequently on the involved specific date she had confessed thereto in statements made to her husband. The testimony that she had confessed was not and of course could not have been denied by defendant. In Barr v. City of Omaha, 42 Neb. 341, 60 N. W. 591, this court held: "The exclusion of evidence of a fact fully established by other competent and uncontradicted evidence is not reversible error." See, also, O'Dell v. Goodsell, 152 Neb. 290, 41 N. W. 2d 123, wherein this court held that: "The admission of cumulative evidence is ordinarily within the

discretion of the trial court and its ruling thereon will not be held erroneous unless it clearly appears that such discretion has been abused." Such rules have application here.

We turn then to the third assignment. Instruction No. 15 tendered by plaintiff and refused by the trial court read: "You are instructed that the consent of the wife of the plaintiff to the intercourse with the defendant does not defeat the plaintiffs right to recovery." In that connection plaintiff argued, without citing any authority, that such refusal was erroneous. We conclude otherwise.

The record affirmatively discloses that defendant claimed no such defense in mitigation of damages or otherwise. It was not in any manner by pleadings or evidence made an issue in the case. The recognized primary issue was simply whether or not defendant had adulterous relations with plaintiff's wife. Instructions Nos. 2, 4, 6, and 7, given by the court, so informed the jury in clear and unambiguous language. Plaintiff could not have been prejudiced by the court's refusal to give the instruction. In that regard, comparable situations were presented and disposed of in different kinds of cases but in like manner by Lau v. Grimes Dry Goods Co., 38 Neb. 215, 56 N. W. 954, and Hurlbut v. Hall, 39 Neb. 889, 58 N. W. 538, wherein it was held: "It is not error to refuse to give an instruction not applicable to the pleadings and evidence, although correct as an abstract proposition of law." Whether or not the tendered instruction was a complete statement of the law we need not discuss or decide.

In Lewis v. Miller, 119 Neb. 765, 230 N. W. 769, 70 A. L. R. 532, this court said, quoting from Koehn v. City of Hastings, 114 Neb. 106, 206 N. W. 19: " 'In stating the issues of fact in its charge to the jury, the court should submit to the jury only such issues as are presented by the pleadings and are in controversy, and which find some support in the evidence.' " As early

as Webster & Burr v. O'Shee, 13 Neb. 428, 14 N. W. 164, this court held: "Where instructions are asked which are not applicable to the issue made by the pleadings they should be refused." See, also, Trask v. Klein, 150 Neb. 316, 34 N. W. 2d 396; Cornell v. Haight, 87 Neb. 508, 127 N. W. 901.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.