BEATRICE MELCHER, APPELLEE, v. ABRAHAM MELCHER ET
AL., APPELLANTS.

FILED NOVEMBER 30, 1918. No. 20209.

1. **Husband and Wife:** ALIENATION OF AFFECTIONS: PARENTAL ADVICE.
   The law presumes that the father and mother, in advising their
   minor child, acted in good faith and for what they supposed his
   best interest.

2. **Marriage:** VALIDITY. If a minor is of the age of consent (Rev.
   St. 1913, sec. 1541), the fact that there was no license, or that it
   was wrongfully obtained, does not invalidate his marriage.

3. ———: ANNULMENT. A marriage may be annulled when one of
   the parties is under the age of legal consent at the suit of the
   parent entitled to the custody of such minor. Rev. St. 1913, sec.
   1596. But, that no license was obtained, or that the license was
   obtained fraudulently, is no ground for the annulment of a mar-
   riage.

4. **Husband and Wife:** ALIENATION OF AFFECTIONS: PARENTAL ADVICE.
   A parent may advise his son in good faith to leave his wife or
   to procure a divorce, if statutory grounds for separation and
   divorce exist or he has reasonable cause to believe and does be-
   lieve that such grounds exist.

5. ———: ———: LIABILITY. If a parent breaks up, or assists in
   breaking up, a valid marriage of his son, solely "because he is
   displeased with the marriage, or because it is against his will,
   or because he wishes the marriage relation to continue no longer"
   (13 R. C. L. sec. 522, p. 1472), he will be liable in damages to the
   party injured.

6. ———: ———: EVIDENCE. In an action by the wife for alienation
   of her husband's affections, statements of her husband would not
   be competent evidence of affirmative hostile actions on the part
   of the defendants, but, so far as such conversation tends to show
   the condition of her husband's mind and feelings toward the plain-
   tiff at the time, and the effect that the conduct of the defendants
   was having upon the affections of her husband for her and his
   conduct toward her, it is competent.

7. ———: ———: DAMAGES. Upon the evidence referred to in the
   opinion, it is *held* that a verdict for $4,750 damages, for the alien-
   ation of the husband's affections, is not so plainly excessive as to
   require this court to interfere.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Fawcett, Mockett & Walford* and *Brown, Baxter & Van Dusen,* for appellants.

*John O. Yeiser* and *J. B. Randolph, contra.*

SEDGWICK, J.

The plaintiff and Reuben Melcher were married on the 21st day of November, 1914, and in July afterwards she began this action in the district court for Douglas county against Abraham Melcher and Pauline Melcher and several other parties to recover damages for an alleged conspiracy to alienate her husband's affections. The trial resulted in a judgment against Abraham Melcher and Pauline Melcher, from which they have appealed. The court instructed the jury to find in favor of one of the other defendants, and the remaining defendants were relieved from liability. At the time of the marriage the plaintiff was between 17 and 18 years of age, and her husband was a little more than 19 years of age.

The defendants complain that upon the trial the court allowed incompetent evidence, and that the court refused to submit proper instructions requested by the defendants, and that the evidence is not sufficient to support any verdict against the defendants, and that the verdict rendered is excessive.

The law presumes that the father and mother, in advising their minor child, acted in good faith and for what they supposed his best interest. *Trumbull v. Trumbull,* 71 Neb. 186.

If the evidence is that the parents' sole motive was to promote the welfare of their son, and the circumstances and conditions were such that they might reasonably believe that the advice given was justifiable and for the best interest of all parties concerned, they cannot be held liable in damages.

In considering the important question of the advice under such circumstances as justified, we must remember that the age of consent to marry is, by our statute, made 18 years or upwards for the male, and 16 years or upwards for the female (Rev. St. 1913, sec. 1541) and, although by section 1543, Rev. St. 1913, a license must be obtained before the marriage takes place, and by section 1544, Rev. St. 1913, no license can be issued to a minor without the consent of his parents, yet the want of a license does not affect the validity of the marriage. *Haggin v. Haggin*, 35 Neb. 375. These parties were both above the age of consent, and therefore, under these provisions of the statute, they were legally married. The fact that the license was wrongfully procured may destroy its effect and protection, and subject the parties at fault to penalties, but it does not affect the validity of the marriage itself. A marriage may be annulled when one of the parties is under the age of legal consent at the suit of the parent entitled to the custody of such minor. Rev. St. 1913, sec. 1596. But, that no license was obtained, or that the license was obtained fraudulently, is no ground for the annulment of a marriage.

A parent may "advise his daughter in good faith and for her good to leave her husband, if on reasonable grounds he believes that the further continuance of the marriage relation tends to injure her health, or to destroy her peace of mind, so that she would be justified in leaving her husband," but "may not, with hostile, wicked or malicious intent, break up the marital relations between his daughter and her husband, simply because he is displeased with the marriage, or because it is against his will, or because he wishes the marriage relation to continue no longer." 13 R. C. L. sec. 522, p. 1472. If the "further continuance of the marriage relation tends to injure her health, or to destroy her peace of mind, so that she would be justified in leaving

her husband," she has ground for divorce under our statute, and if her parent has reasonable ground to believe, and does believe, that these conditions exist, he may advise accordingly. The law in regard to advice given to a married daughter "is equally applicable in the case of advice given to a son." 13 R. C. L. sec. 522, p. 1472. It follows from the foregoing that it is unlawful to attempt to separate husband and wife, or to annul or dissolve the marriage relation between them, unless some statutory ground for annulment or divorce exists. If such ground exists, or the circumstances are such as would lead a reasonable mind to believe that it does exist, the parent who, in good faith, believes that the ground exists, may advise as he honestly believes is in the interest of his son. The evidence is sufficient to justify the finding that the husband and wife were strongly attached to each other, and that the husband, if left to himself, would not have abandoned his wife or have given her cause to complain of his affection and conduct, and that these defendants advised the parties to separate, and used, in many ways, earnest efforts to bring about such separation.

There is very little, if any, evidence tending to prove that any legal ground for divorce of these parties existed, or that the defendants had reason to believe, or even supposed, that such ground did exist. For some reasons of their own, because of religious differences, or differences in financial conditions, or matters of education, these defendants appear to have determined that this marriage should be annulled, without regard to the feelings of the parties most concerned, and without regard to whether legal grounds for separation did or did not exist.

The plaintiff testified to conversations that she had with her husband during the time they were living together. Statements of her husband would not be

competent evidence of affirmative hostile actions on the
part of defendants. Such evidence would be subject
to the ordinary objection to hearsay evidence. So far
as such conversation tends to show the condition of her
husband's mind and feelings toward the plaintiff at
the time, and the effect that the conduct of the de-
fendants was having upon the affection of her husband
for her and his conduct toward her, it was competent
and proper. The following testimony of plaintiff,
which was objected to, illustrates this: "He (Reuben)
told me he knew it was awful hard for me, and he told
me he knew how it was, and he says, 'Only if I had
not got sick, it would be all right,' and he says, 'I
have to stay on the good side of my parents or who
will pay my hospital bill.'" This tends to show that her
husband was sympathizing with her at the time, had an
interest in her feelings and her welfare, and that he
was being coerced by his parents. It is not always an
easy matter to distinguish between competent and in-
competent evidence in this respect, and the trial court
appears to have been very careful, and in some in-
stances at least to have excluded competent evidence
offered by the plaintiff. Also, the trial court frequent-
ly warned the jury that such evidence as had been held
to be incompetent was not to be regarded by them and
was not to be allowed to influence their judgment up-
on the facts in the case. In some instances, appar-
ently, some evidence was allowed that might better
have been excluded; but, upon the whole record, so far
as our attention has been called to it, it would not
seem that the jury could have been misled by this
evidence to the prejudice of the defendants.

The defendants offered several instructions in re-
gard to the right of parents to advise their children
in matters of this kind. The first instruction offered
was faulty, in that it would virtually instruct the jury
that, if one of the parents acted in good faith, they

must find a verdict in favor of both'. The other requests which were refused, while they contained a suggestion that such advice of parents must be given in good faith, did not contain any explanation of what was meant by good faith or what would be regarded as good faith under such circumstances, and were not, so far as they were proper instructions, more favorable to the defendants than the instruction given at the defendants' request, as follows: "When parents of a minor child are accused and charged, as in this case, of alienating the affections of their minor son from plaintiff his wife, the giving of advice to the minor son in that regard is presumed to be given in good faith, and, if so given, the parent is not liable for advice so given." An instruction given by the court on its own motion regarding this defense was pretty strongly stated in favor of the defendants, and we cannot find any reversible error in refusing the requested instructions.

The defendants insist that the verdict for $4,750 was excessive, and is not supported by the evidence. The court instructed the jury fully in regard to the various elements of plaintiff's damages, and concluded: "In no event can any sum be allowed by way of exemplary or punitive damages as a punishment of the defendants, but only such as, in the sound and honest judgment of the jury, would be a fair and just compensation for the injury, if any, which the evidence shows plaintiff has sustained as a direct and natural result of the defendants' wrongful acts." It is not urged in the brief that this instruction is erroneous. The difficult duty of determining these various elements of damage devolves upon the jury. There is no exact legal limitation that can be applied to the consideration of any of these elements of damage. We cannot say that from this evidence all reasonable minds must

agree that this plaintiff has suffered less damage than the amount of this verdict.

The judgment of the district court is

AFFIRMED.

LETTON and ROSE, JJ., not sitting.