## Rouse v. Rouse.

(Decided April 19, 1932.)

B. F. DENHAM for appellant.

HEBRON LAWRENCE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Fred Rouse sued James F. Rouse for damages on two grounds. (1) Alienation of his wife's affections; (2) criminal conversation with his wife. Both causes of action were submitted to the jury by appropriate instructions, and the jury found for plaintiff under instruction No. 1, submitting the issue of alienation of affections, and fixed the damages at $1,500. The defendant appeals.

The principal ground urged for reversal is that the evidence was not sufficient to take the case to the jury, and that appellant's motion for a peremptory instruction should have been sustained.

We need not determine whether the evidence was sufficient to sustain the charge of criminal conversation, as the jury rejected that ground of recovery and based its findings solely on alienation of affections.

We shall not attempt to discuss at length the evidence of each witness. The evidence for appellee presents the following situation: Appellant, who is the uncle of appellee, contracted with appellee to take up his residence on appellant's farm, and cultivate certain parts of the farm. Pursuant to the contract, appellee and his wife and his child moved to a small residence on the farm located a few hundred yards from appellant's home place. Prior to moving there appellee and his wife had had no trouble, and had always gotten along very well. After moving in appellant began taking appellee's wife in his automobile to the stores for buying groceries, and on other trips to adjoining towns. He was a frequent visitor to appellee's home, not only when appellee was there, but when appellee was out in the field at work. One of the witnesses says that on one occasion when appellant returned from an automobile ride with Mrs. Rouse he embraced her as they got out of the automobile, and she did not protest. Other witnesses say that when they went to the home of Fred Rouse they found appellant there in close conversation with Mrs Rouse, either in the kitchen with the door closed, or in the main part of the house with the rear door closed, and that both she and appellant appeared very much embarrassed at this interruption. Whenever appellant would drive away with somebody else she became angry because she was not taken along and when she did go on such trips she would fuss at appellee on her return and tell him of the remarks made by appellant about the way they did the work. Finally things reached such a pass that appellee and his wife became estranged and she left. Shortly thereafter she filed suit for divorce and attached appellee's tobacco. Through appellant as intermediary appellee agreed not to contest the divorce if his wife would dismiss the attachment and surrender the possession of their child. At the time the agreement was made, appellant let Mrs. Rouse have the sum of $5. Thereafter the divorce was granted. On the other hand, appellant and Mrs. Rouse both denied all the charges and testified that they were never in love with each other, or guilty of any

acts of impropriety. They admitted that appellant occasionally took her to the stores to buy groceries and other supplies, but claimed that this was fully known to appellee, and was done solely as a matter of accommodation. They also admitted that they went on two or three occasions to adjoining towns, but claimed that others accompanied them, and that nothing improper occurred. Both he and she stated that they were never embarrassed on any occasion by the coming of any one, and explained that the back door was closed because they did not want the child to fall out into the yard. Appellant also stated that, although he went frequently to the home of his nephew, the relations between him and his wife were very cordial. He went there and always felt like a member of the family.

It may be as appellant contends, and as both he and appellee's wife testified, that appellant's frequent visits to his nephew's home were prompted by the relationship which he bore to them, and the interest which he had in their welfare, and that, measured in the light of this association, the conduct of appellant and Mrs. Rouse never went beyond the bounds of strict propriety, but, in view of the frequency with which he appeared at appellee's home in appellee's absence, and of the number of trips which they took together, coupled with the other circumstances detailed by the witnesses, considered in the light of the fact that appellee and his wife lived happily together before they came to appellant's farm, and that within a few short months they became estranged, we are constrained to the view that the evidence of alienation of affections was sufficient, not only to take the case to the jury, but to sustain the verdict.

There is the further contention that appellee's counsel indulged in improper argument. As the bill of exceptions does not set forth the remarks complained of, or show any objection and exception by appellant, the propriety of the argument cannot be considered on appeal. Winchester v. Watson, 169 Ky. 213, 183 S. W. 483.

Judgment affirmed.