**WIlllam K. STOLL, Appellant,**

v.

**Robert J. PLARR, Appellee.**

Court of Appeals of Kentucky.

Feb. 20, 1959.

Rehearing Denied May 1, 1959.

Foster Ockerman, Yancey, Martin & Ockerman, Lexington, for appellant.

Shouse, Barker & Coplin, Lexington, for appellee.

CULLEN, Commissioner.

Robert J. Plarr recovered judgment in the amount of $25,000 against William K. Stoll, as damages for alienation of the affections of Plarr's wife. Stoll has appealed.

The parties are all in the neighborhood of 30 years of age. The Plarrs had been married for eight years when they moved to Lexington in 1954, and they had a daughter around four years old. The Plarrs purchased a house from Mr. Stoll and his partner in the house-building business, and he came to the house on a few occasions shortly after the Plarrs had moved in, to discuss the adjustment or correction of some minor defects of which the Plarrs had complained. He became interested in Mrs. Plarr, and commenced having dates with her. He took her to restaurants, horse races, and various places of entertainment. As time went on the dates became more frequent, eventually becoming as frequent as three or four times a week. For a considerable period of time Mr. Plarr was unaware of what was going on, since her absence from home on one night each week could be attributed to her taking a night class at the University of Kentucky, and on other nights she gave the excuse of attending a movie or visiting the homes of some friends. Daytime dates occurred when Mr. Plarr was at work or out of the city. Finally, in December 1955, Mr. Plarr became suspicious when his wife did not return until midnight from her class at the University, and he accused her of going out with some other man. He then learned from her that she had been going

with Stoll. She promised to stop seeing Stoll, but she did not keep the promise, and the dates continued. Mr. Plarr again became suspicious, and after following her one night in March 1956 he found her in Stoll's company at a restaurant. After a two-week period during which Mr. Plarr made unsuccessful efforts to induce his wife to sever all relationships with Stoll, he moved out of the house and sued for divorce. Shortly thereafter he brought this action for alienation of affections. The divorce judgment was granted in August 1956, but the alienation suit was not tried until September 1957. Before the alienation suit came to trial, Stoll divorced his wife and he and Mrs. Plarr were married. On the trial of the alienation suit she declined to testify, claiming the privilege of not testifying against her present husband.

The first contention of Mr. Stoll on this appeal is that he was entitled to a directed verdict. This is not on the theory that there was not sufficient evidence to prove that the alienation of affections was the result of his actions, but on the theory that the proof did not show that Mrs. Plarr's affections for her husband were alienated, but rather that Mr. Plarr lost *his* affection for *her*. It is argued that the evidence showed that Mrs. Plarr continued to have affection for her husband, and was willing to continue to live and cohabit with him, and that the divorce was at his instance, not hers. This seems to us to be the equivalent of arguing that if the husband receives a fair share of his wife's affection he is not damaged by her devoting a substantial amount of her companionship, society and affection to another man. We conceive the law to be that, as the word "affection" is used in this connection, the husband is entitled to *all* of the affection.

This Court said, in Burke v. Johnson, 274 Ky. 405, 118 S.W.2d 731, that it is no defense that the affections have not been entirely alienated, and a jury by the application of common sense could find that the wife's acceptance of the defendant's attentions, and his influence over her, showed a transfer of her love and affections to the defendant.

Where, as here, the wife's affections have been alienated to the extent that she insists upon or persists in continuing her association with the other man, the husband's right of action is not affected by whether or not there is a subsequent divorce, or by the fact that he, rather than the wife, sought the divorce. See 27 Am.Jur., Husband and Wife, sec. 577, p. 179.

The appellant next complains of the admission of incompetent evidence. Over objection a woman neighbor of the Plarrs was permitted to testify as to conversations with Mrs. Plarr, in which Mrs. Plarr made such statements as that she liked Stoll and she enjoyed being with him; he fascinated her; he enjoyed the things she enjoyed; he took her to places she enjoyed going to and they had a lot of fun together; she went with him and didn't know why; when he would ask her to go out she would go, "but really think before he asked her, that she wouldn't go with him again, but then when he called she would go again;" that Stoll "cast a spell" over her, and actually against her will she went with him, "but then she wanted to go with him too."

It is contended that these statements were hearsay, and therefore incompetent. However, it is the rule that statements made by the wife before the separation, although not made in the presence of the defendant, are admissible where they are of such character and were made under such circumstances that they tend to show the wife's state of mind or the effect which the defendant's conduct had on her love and affection for her husband. Boden v. Rogers, Ky., 249 S.W.2d 707, 708; Burke v. Johnson, 274 Ky. 405, 118 S.W.2d 731; 27 Am.Jur., Husband and Wife, sec. 559, p. 159.

■ The testimony of the neighbor was admissible under the above rule. It is true that some of the wife's statements related in this testimony bore some reference to the defendant's wrongful conduct, and to some degree might be interpreted as giving substantive evidence of his guilt. To that extent they would not be competent. Boden v. Rogers, Ky., 249 S.W.2d 707, 708; 27 Am.Jur., Husband and Wife, sec. 562, p. 165. However, the statements were in such form that the competent parts could not well be severed from the incompetent, so that the only satisfactory way to handle the problem would have been by admonition. But the defendant did not·ask for an admonition, and therefore must be deemed to have waived his right to it. Chesapeake & O. Ry. Co. v. Boyd's Adm'r, 290 Ky. 9, 160 S.W.2d 342; Johnson v. Commonwealth, 310 Ky. 557, 221 S.W.2d 87.

■ It might be argued that the incompetent aspects of the testimony of the neighbor were so predominant, and so prejudicial, that the entire testimony, including the competent parts, should have been excluded. But as we view the testimony it dealt almost exclusively with the wife's state of mind, and only incidentally with the defendant's wrongful conduct, and therefore was predominantly competent. And there is little basis for claiming that the incompetent parts were prejudicial, because there was sufficient other evidence of the defendant's wrongful conduct.

■ The appellant suggests that if the admission of the foregoing evidence was proper, then the court erred in excluding testimony of the defendant's office secretary as to statements made by Mrs. Plarr in telephone calls to the defendant's office. We reject this suggestion, because there is nothing to indicate that the· statements of Mrs. Plarr in these conversations related to her state of mind, so as to come within the rule of admissibility hereinbefore mentioned.

■ The appellant makes two contentions with respect to error in the instructions. The first of these is, in substance, that the instructions should have limited the plaintiff's recovery to the damages he sustained up to and not beyond the divorce. The theory seems to me that by obtaining the divorce the husband voluntarily terminated his· rights to the companionship, society and affection of his wife, and thus cannot claim damages for any deprivation of those rights after the divorce. We do not conceive the law to be that the formality of the marriage relationship must continue in order for the husband to continue to suffer damages. If he has in fact lost his wife's companionship, society and affection, surely the continuance of the formal marriage relationship is of little comfort to him. The general rule is, at least where, as here, the divorce is for the wife's fault, that the divorce does not affect the cause of action for alienation of affections. 27 Am.Jur., Husband and Wife, sec. 577, p. 179.

■ The second contention with respect to the instructions is that they should have specifically limited the jury's consideration to such acts of the defendant as were done prior to the separation of the Plarrs. There was some evidence admitted that in a minor way referred to conduct and actions of the parties after the separation. No admonition was given at the time this evidence was admitted, and the appellant argues in effect that an admonition should have been supplied through the instructions. A sufficient answer to this contention is that the defendant, in his objections to the instructions given, did not list this ground, as required by CR 51. It is true that the defendant did *offer* instructions which in a sense contained a time limitation, in that they made reference to "the times and places alleged," but this did not purport to restrict the jury's consideration to acts before the separation, and in making objections to the court's refusal to give his instructions the defendant did not men-

tion the time factor. So the defendant is precluded from raising this objection on appeal. CR 51; Sams v. Sigmon Ikerd Company, Ky., 280 S.W.2d 515; Brumley v. Richardson, Ky., 273 S.W.2d 54. In any event, all of the major testimony, as it related to wrongful conduct of the defendant, was addressed to the period before the separation, and there is no reason to believe that the jury could have been influenced by the few minor and incidental references in the evidence to what happened after the separation.

■ The final contention is that the damages are excessive. It is argued that the evidence shows there was little real affection between the Plarrs, because during the eight years of their marriage there were several periods of substantial length when they had not lived together, and there was evidence that at times they had argued and fought; also, that Mr. Plarr was indifferent to his wife. However, it appears that the separations were due to the necessities of Mr. Plarr's service as a career officer in the Army, except for one, which was occasioned by a trip Mrs. Plarr made to Germany to visit her parents. The arguments were infrequent, and seem not to have exceeded the par for the ordinary marriage course. Mr. Plarr testified that after their daughter was born they enjoyed a fine relationship, and until Mr. Stoll entered the picture their life in Lexington was ideal. So we cannot say that there was little affection to be alienated, or little companionship and society to be lost by the husband.

■ The appellant maintains that under any circumstances the award of $25,000 is excessive, and that this Court has never approved an award in excess of $5,000. However, it appears that the question of excessiveness of damages in an alienation suit has not been passed upon by this Court since 1924, and the old cases have little value as a precedent in view of the depreciated value of the dollar and the more liberal view that most courts have been taking in recent years with respect to damages generally.

■ In dealing with such intangibles as companionship, society and affection, the same as with pain and suffering, there is no suitable standard or measure for determining damages. A reviewing court can set aside an award as being excessive only where the amount strikes the court at first impression as being so outrageous, extravagant or disproportionate that it could have been granted only as a result of passion or prejudice, Marcum v. Hedger, Ky., 303 S.W.2d 558; or where there is something in the record of the trial to indicate that prejudicial influences entered in, 27 Am.Jur., Husband and Wife, sec. 547, p. 148.

■ The law permits recovery of damages for alienation of affections. While there is a considerable sentiment against this type of action, that sentiment cannot be used by the courts as a basis for reducing a jury award. While the award here is liberal, we cannot say it is excessive.

The judgment is affirmed.