**Ramiro F. GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38997.**

Court of Criminal Appeals of Texas.

Jan. 19, 1966.

Rehearing Denied March 9, 1966.

Theo Pat Henley (on appeal only), San Antonio, for appellant.

James F. Barlow, Dist. Atty., M. C. Gonzales, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment, enhanced by reason of a prior conviction for an offense of like character, twelve years.

The indictment charged that the appellant did unlawfully, by force, break and enter a house occupied and controlled by Robert D. Perkins.

Robert D. Perkins, the prosecuting witness, lived at 1503 West Brady, in the city of San Antonio, with his wife and two teenage children. On the day in question, Mrs. Perkins was the first to leave the house, around 7:30 a. m. Fifteen minutes later, the son and daughter left for school. At 10:30 a. m., Mr. Perkins left to go to his work. At such time, all windows and doors to the house were locked. At 3 p. m., the daughter, Lillian Louise, returned home from school and observed that a side door leading to the carport was open and the casing to the door had been broken. She then went inside and observed that certain items were missing from the house.

In the investigation which followed it was discovered that items of property of a value in excess of $600 had been taken from the house. Included in the missing property was a television set four feet long, three feet high, and two feet wide. Two Chinese figurines and a television lamp which had been kept on top of the television set were found on the floor.

Fingerprints were taken from the television lamp and the two figurines.

Outside the house was found a long tire mark leading from an oil slick in the carport, which mark was not present when Mr. Perkins left the house that morning.

Appellant was arrested a week later on a warrant for burglary and, following his arrest, fingerprints were obtained from him

by Officer Hartman, of the San Antonio police department.

Officer Hartman, whose qualification as a fingerprint expert was shown, testified that he had compared appellant's fingerprints with the fingerprints taken from the two figurines and television lamp and found that two of the prints on one of the figurines were identical to prints from two of appellant's fingers. The officer stated that one of the prints was of appellant's left thumb and the other print was of his right middle finger. He further stated that he was unable to identify a third print taken from the figurines or the prints taken from the television lamp.

It was shown by the testimony of the prosecuting witness that he did not give the appellant or anyone else permission to break into the house and take anything therefrom. It was further shown that the property stolen from the house was never recovered and that appellant had never been seen on the premises or in the house burglarized.

A prior conviction for felony theft alleged in the indictment for enhancement of the penalty was stipulated by the parties.

Appellant did not testify or offer any evidence in his behalf.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals and circumstantial evidence.

■ We first overrule appellant's contention that the evidence is insufficient to sustain the conviction.

The proof shows that fingerprints were left in the house by the person or persons who committed the burglary on the day in question. Two of the prints were shown to be identical with fingerprints of the appellant.

Such proof has been held sufficient to sustain a conviction for burglary. Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211;

Briones v. State, Tex.Cr.App., 363 S.W.2d 466.

■ Appellant's complaint to the court's charge is not properly presented for review, no objection having been made *in writing* to the same prior to the time it was read to the jury, as required by Art. 658, V.A.C. C.P., at the time the case was tried and the judgment of conviction was entered by the court. Howell v. State, 171 Tex.Cr.R. 545, 352 S.W.2d 110.

■ Appellant's complaint to certain alleged improper jury argument which was urged as a ground for new trial is, also, not properly presented for review, there being no formal bill of exception presenting such complaint, or informal bill of exception as was authorized by Art. 759a, Vernon's Ann. C.C.P., which was in force at the time of appellant's trial and conviction. Spigner v. State, 169 Tex.Cr.R. 528, 335 S.W.2d 605.

The judgment is affirmed.

Opinion approved by the Court.